*In re* VÍCTOR A. COLL, querellado.

*Número*: O-72-339     *Resuelto*: 6 de noviembre de 1973

*J. F. Rodríguez Rivera, Procurador General Interino, Roberto Armstrong, Jr., y Ruth Tentori de Lebrón-Velázquez, Procuradores Generales Auxiliares,* abogados de El Pueblo; *Benicio Sánchez Castaño y Benicio Sánchez Rivera,* abogados del querellado.

PER CURIAM: Contra el abogado Víctor A. Coll se formuló por el Procurador General querella de desaforo basada en cuatro cargos, a saber: 1°, que abandonó la defensa de Américo Ríos y esposa en un pleito de daños y perjuicios, y en su lugar autorizó un pagaré de $5,000 con garantía hipotecaria sobre la casa vivienda de dichos demandados para burlar la reclamación del demandante Laborde; 2°, que no inscribió dicha obligación hipotecaria en el Registro de la Propiedad y a pesar de ello, falsamente alegó ante el tribunal en la etapa de ejecución de sentencia del pleito de daños y perjuicios, que dicho crédito tenía prelación al embargo del demandante Laborde; 3°, que no informó a los demandados Américo Ríos y esposa de cuál era su posición y el curso del pleito, resultando en una sentencia en rebeldía contra dichos demandados; y 4°, que vendida en subasta pública la casa de dichos demandados el comprador de apellido Quiñones instó acción

de desahucio contra los esposos Ríos para entrar en posesión del inmueble, y el querellado tampoco los defendió en este segundo caso que terminó con orden de desalojo contra los demandados.

Designado el Juez Superior .Sr. Agustín Mangual Hernández, Comisionado Especial, celebró vistas en que recibió la evidencia ofrecida por las partes y sometió sus conclusiones a este Tribunal.

El informe del Comisionado Especial, ajustado en sus conclusiones a la evidencia oral y documental admitida, resulta en gran medida exonerante del querellado. La prueba estableció que dicho abogado en ningún momento aceptó la representación legal de los demandados esposos Ríos en el caso de daños y perjuicios, y que ante la imposibilidad de atenderlos los refirió a otro abogado a cuya oficina nunca comparecieron aquéllos; que el pagaré hipotecario por él preparado, y suscrito por los esposos demandados, no tuvo el propósito de defraudar al demandante creando un gravamen ficticio sobre la vivienda de dichos deudores, sino el de garantizar un préstamo anterior por ellos tomado del Dr. Luis Ramos González y que éste encargó al propio deudor Ríos de presentar la hipoteca en el Registro de la Propiedad dándole dinero para cubrir los derechos, ignorando el abogado querellado que Ríos, un ebrio habitual, jamás había llevado los documentos al Registro; que el querellado intentó transigir la acción de desahucio con el abogado del adquirente en subasta quien mostró buena actitud y sugirió que el demandado Ríos fuera a verle pero éste se personó a su bufete borracho e insultando por lo que el abogado tuvo que expulsarlo, y entendiendo el querellado que Ríos ninguna defensa tenía en la acción de desahucio y en vista de su conducta enervando la transacción consideró inútil asistir a la vista del caso en su fondo.

Consideramos que en este aspecto faltó el querellado a su deber para con el tribunal y con su cliente. Es deber del abogado comparecer personalmente, o por escrito cuando las

circunstancias lo permitan, en todo acto, incidente o vista relacionado con el caso de su cliente. (¹) Su presencia en corte es el método insustituible de defensa de su cliente, por lo que a pesar de lo desesperanzado del caso debe rendir hasta el final la obligación libremente asumida de proteger los intereses a él confiados. Sólo quedará relevado de esta obligación cuando discrepancias irreconciliables de criterio con el cliente relativas a la defensa del caso, o insalvable conflicto personal o fricción entre el cliente y el abogado justifiquen la renuncia de éste ante el tribunal para que le sustituya otro abogado. La indefensión de una parte en un procedimiento judicial es la negación extrema del debido proceso de ley. Incumplió el querellado con su deber al tomar la decisión de no asistir al juicio de desahucio por estimarlo fútil, *y su conducta conlleva la reprobación y censura de este Tribunal, sin que haya necesidad de mayor acción disciplinaria en vista de que la incomparecencia del abogado no agravó apreciablemente la situación de los demandados quienes habían rehusado defenderse en la acción principal de daños y perjuicios en la cual se subastó y adjudicó la casa, utilizándose el desahucio como procedimiento colateral haciendo las veces de auto de posesión.*

*El Tribunal desestima la querella en lo que respecta a todos los demás cargos.*

El Juez Asociado Señor Cadilla Ginorio no intervino.

---

(¹) *Canon 18 de Etica Profesional*
".
"Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable."