*In re* CARLOS MANZANO VELÁZQUEZ, querellado.

*Número:* TS-3296          *Resuelto:* 7 de noviembre de 1997

---

*Carlos Lugo Fiol, Procurador General,* y *Cynthia Iglesias Quiñones, Procuradora General Auxiliar,* parte querellante.

PER CURIAM:

## I

Carlos Manzano Velázquez fue admitido al ejercicio de la abogacía en junio de 1969 y al ejercicio de la notaría en agosto del mismo año.

El 4 de febrero de 1997 el licenciado Manzano Velázquez hizo, alegación de culpabilidad por siete (7) cargos de desacato criminal debido a reiteradas incomparecencias ante el Tribunal de Primera Instancia, Sala Superior de Carolina, a pesar de haber sido debidamente citado. Luego de estudiar el extenso Informe de Libertad a Prueba suscrito por los oficiales sociopenales y de discutirlo con la defensa, el Tribunal de Primera Instancia (Hon. Osvaldo Rivera Cianchini, Juez) le impuso una sentencia de treinta (30) días de cárcel por cada cargo, que habrían de ser cumplidos en forma concurrente. Siguiendo la recomendación de los oficiales sociopenales, dicho foro no concedió los beneficios de una sentencia suspendida.

Ni los cargos ni el contenido del referido informe fueron controvertidos por el querellado. Según surge del informe, los hechos que dieron lugar a la convicción son:

> El 9 de agosto de 1996, en Carolina P.R. el referido acusado incurrió en incomparecencia ante el Tribunal a pesar de haber sido debidamente citado al acto del juicio en los casos

#FSC96G0233, FSC96G0231, contra Carmelo Sánchez Birriel y Juan J. Pizarro González, en la Sala 202 del Hon. Juez Osvaldo Rivera Cianchini.

El 14 de agosto de 1996, en Carolina P.R., el referido acusado incurrió en incomparecencia ante el Tribunal a pesar de haber sido debidamente citado al acto del juicio señalado en los casos #FSC96G0231, FSC96G0233, contra Carmelo Sánchez Birriel y Juan J. Pizarro González, en la Sala 202 del Hon. Juez Osvaldo Rivera Cianchini.

Una vez emitida la sentencia, el tribunal de instancia procedió de inmediato a presentar la minuta y el informe presentencia a este Tribunal para la consideración de los aspectos éticos correspondientes.

En marzo de 1997 referimos la Resolución y Orden del Tribunal de Primera Instancia en el caso *Pueblo v. Manzano Velázquez*(¹) al Procurador General para la investigación y el informe correspondientes. Sometida la querella por el Procurador General, el 18 de julio de 1997 emitimos una resolución en la que concedió al licenciado Manzano Velázquez el término de veinte (20) días para que mostrara causa por la cual no debía ser disciplinado.

Transcurrido el término sin que hubiera comparecido, y estudiados los documentos pertinentes que obran en el expediente del querellado, procedemos según lo intimado en la Resolución de 18 de julio de 1997.

## II

A tenor con la Sec. 9 de la Ley de 11 de marzo de 1909, el abogado que sea culpable de un delito menos grave en conexión con el ejercicio de su profesión podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. 4 L.P.R.A. sec. 735.(²) Los hechos

---

(¹) Casos Núms. FDS96M233-234, FDS96M249-254, FDS96M288-289, FDS96M235.

(²) El desacato constituye un delito contra la función pública. En el Art. 235(a) del Código Penal se reconocen varias de sus modalidades, dándose en este caso la de "[d]esobediencia a cualquier decreto, mandamiento, citación u otra orden legal expe-

que dieron pie a la sentencia contra el licenciado Manzano Velázquez constituyen, además, una falta a su deber para con el tribunal y con su cliente. Implican violaciones a los Cánones 12 y 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, los cuales disponen, respectivamente y en lo pertinente, que:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

No podemos sancionar la actitud de dejadez y desidia por parte de los miembros de la profesión de abogado. Ésta atenta contra los derechos de los clientes, la imagen de la profesión y del propio poder judicial.

En *In re Coll*, 101 D.P.R. 799, 801–802 (1973), expresamos que "[e]s deber del abogado comparecer personalmente, o por escrito cuando las circunstancias lo permitan, en todo acto, incidente o vista relacionada con el caso de su cliente. Su presencia en corte es el método insustituible de defensa de su cliente, por lo que a pesar de lo desesperanzado del caso debe rendir hasta el final la obligación libremente asumida de proteger los intereses a él confiados". (Escolio omitido.)

Es harto conocido por todos los miembros de la clase togada que la naturaleza de su función requiere una

---

dida o dictada por algún tribunal en un pleito o proceso en que estuviere conociendo".
33 L.P.R.A. sec. 4431(a).

escrupulosa atención y obediencia a las órdenes de este Tribunal, en particular cuando de su conducta profesional se trata. *In re Colón Torres,* 129 D.P.R. 490 (1991); *In re Arana Arana,* 112 D.P.R. 838, 844–845 (1982); *In re Coll,* supra. Es sabido también que la indiferencia de un abogado en responder a las órdenes del Tribunal Supremo en el trámite de quejas acarrea la imposición de sanciones disciplinarias. *In re Pérez Santiago,* 141 D.P.R. 112 (1996).

Nos encontramos ante una situación en la que un abogado en repetidas ocasiones ha incumplido con los requerimientos de este Tribunal, obstaculizando y debilitando con su conducta nuestra función reguladora de la profesión.

El licenciado Manzano Velázquez se declaró culpable de siete (7) cargos de delito menos grave en conexión con el ejercicio de su profesión legal. Muestra, además, el agravante de que su conducta se manifiesta de forma reiterada en el foro, según se desprende de las entrevistas realizadas a varios jueces del Tribunal de Primera Instancia, Sala Superior de Carolina, recogidas en el Informe de Libertad a Prueba.[3]

Su conducta es censurable y constituye causa de sanción disciplinaria bajo las normas éticas de nuestra profesión. Esta no es la primera ocasión en que la conducta del licenciado Manzano Velázquez ocupa nuestra atención, pues en 1992 y en 1993 fue objeto de suspensiones.[4]

Por su incomparecencia ante el tribunal el 9 de agosto de 1996 y el 14 de agosto de 1996, por lo cual se dictó sentencia en su contra por el delito de desacato al tribunal,

---

[3] Los jueces entrevistados indicaron que el referido abogado ha incurrido en desacatos constantes y que la mayoría de las veces éstos se archivan por él haber mostrado evidencia de haber estado enfermo o de estar en otros tribunales.

[4] En febrero de 1992 fue suspendido del ejercicio de la abogacía por un (1) mes y de la notaría por tres (3) meses, por incumplir con su deber de atender a los requerimientos del Tribunal Supremo en relación con el trámite de una queja en su contra y por la falta de diligencia desplegada en la corrección de deficiencias en su obra notarial. *In re Manzano,* 129 D.P.R. 955 (1992). Posteriormente fue suspendido indefinidamente por no atender los requerimientos de este Tribunal en relación con el incumplimiento de satisfacer la cuota de colegiación. *In re Manzano Velázquez,* 134 D.P.R. 667 (1993).

y por incumplir con nuestra Resolución de 18 de julio de 1997, decretamos la suspensión indefinida de Carlos Manzano Velázquez del ejercicio de la profesión de abogado en cumplimiento con la ley y con los cánones del Código de Ética Profesional para la abogacía.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López y la Juez Asociada Señora Naveira de Rodón no intervinieron.