*In re* CÉSAR A. MELECIO MORALES.

*Número:* AB-97-62          *Resuelto:* 13 de febrero de 1998

*Carlos Lugo Fiol, Procurador General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* en Informe; *César A. Melecio Morales, pro se.*

PER CURIAM: Ante nuestra jurisdicción disciplinaria tenemos a un abogado que en reiteradas ocasiones ha hecho caso omiso a nuestros requerimientos en torno a una queja presentada contra él. A continuación exponemos los hechos relevantes al asunto que nos ocupa.

I

El 2 de mayo de 1997 la Sra. María Martínez presentó ante nos una queja contra el Lcdo. César A. Melecio Morales. Alegó, en lo pertinente, que solicitó los servicios del licenciado Melecio Morales para que éste la representara en un caso sobre despido ilegal. Le dejó varios documentos. El licenciado Melecio Morales se comprometió a contestarle sobre la posibilidad de representarla o no en dicha acción. Sin embargo, éste nunca se comunicó con la

señora Martínez, a pesar de las gestiones hechas por ella con respecto a este asunto.

En atención a la queja presentada, el 12 de mayo de 1997 y de acuerdo con la Regla 14 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, el entonces Secretario de este Tribunal le cursó al licenciado Melecio Morales una carta certificada con acuse de recibo en la cual le notificó sobre la queja. Le concedió el término de diez (10) días para que ofreciera por escrito sus comentarios.

El 29 de mayo de 1997 el Secretario le envió a la mano una segunda comunicación, la cual fue recibida por el licenciado Melecio Morales el 4 de junio. En esta ocasión le concedió diez (10) días adicionales para que ofreciera su versión de los hechos.

En respuesta a esta segunda notificación, el abogado compareció el 16 de junio y —de forma algo incoherente y general— indicó que le había informado a la señora Martínez sobre las varias gestiones no escritas que había realizado con respecto a su caso. Solicitó el término adicional de una semana para "someter con mayor claridad [su] posición y cubrir otros aspectos importantes". El 19 de junio el Secretario accedió a lo solicitado y le concedió hasta el 24 de junio. Sin embargo, el abogado no contestó.

El 26 de septiembre de 1997, sin que el licenciado Melecio Morales hubiese aún contestado, le ordenamos al Procurador General que investigara e informara sobre la queja. El 9 de octubre de 1997 la Oficina del Procurador General rindió un informe sobre las alegaciones contra el licenciado Melecio Morales y el azaroso trámite que había ocurrido después de haber sido presentada la queja. Entendió que la conducta manifestada por el abogado en cuanto a los requerimientos hechos por este Foro era censurable y ameritaba ser sancionada.

Así, pues, el 17 de octubre le concedimos al licenciado Melecio Morales un plazo de quince (15) días para que expresara su posición en torno al informe del Procurador General.

Según consta en el escrito presentado por el Procurador General el 14 de enero de 1998, el licenciado Melecio Morales no cumplió con nuestra orden, por lo que nos vimos precisados a emitir una nueva resolución el 19 de diciembre de 1997. En esta nueva resolución, la cual le fue notificada el 24 de diciembre, le concedimos un término de veinte (20) días para que compareciera a la Oficina del Procurador General y cooperara con la investigación que se estaba llevando a cabo. Se le apercibió de que si no cumplía con lo ordenado, se le impondrían sanciones disciplinarias. Como parece ser su costumbre, el abogado tampoco compareció.

## II

■ Reiteradamente hemos expresado que los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal, en particular cuando se trate de una queja presentada en su contra que está siendo investigada, independientemente de sus méritos. Después de todo, es su deber responder con diligencia. *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991); *In re Colón Torres*, 129 D.P.R. 490 (1991).

■ De igual forma hemos sido enérgicos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Nicot Santana*, 129 D.P.R. 717 (1992). La indiferencia de un abogado en responder a las órdenes del Tribunal Supremo en la esfera disciplinaria acarrea severas sanciones disciplinarias. *In re Sepúlveda Negroni*, 142 D.P.R. 572 (1996); *In re Rivera Rivera*, 141 D.P.R. Ap. (1996).

Ciertamente, la desidia y despreocupación manifestada por el licenciado Melecio Morales en cuanto a los requerimientos que le ha hecho este Foro es censurable. Su acti-

tud viola las normas éticas que exigen del abogado un comportamiento estricto con las órdenes de este Tribunal.

## III

En virtud de nuestra facultad disciplinaria y en ausencia de una excusa válida y oportuna, *procede suspender inmediatamente al Lcdo. César A. Melecio Morales del ejercicio de la profesión jurídica hasta que cumpla con nuestra Orden de 19 de diciembre de 1997, y otra cosa disponga este Tribunal.*(¹)

*Se dictará sentencia de conformidad.*

---

(¹) Surge del expediente personal del Lcdo. César A. Melecio Morales, que éste fue suspendido del ejercicio de la notaría el 24 de mayo de 1985 y aún no ha sido reinstalado.