*In re* JORGE GORDON MENÉNDEZ.

*Número:* AB-98-110      *Resuelto:* 21 de enero de 2000

*Carlos Lugo Fiol, Procurador General,* y *Cynthia Iglesias Quiñones, Procuradora General Auxiliar; Eduardo René Estades,* abogado de la parte recurrida.

PER CURIAM: Contra el matrimonio compuesto por el Sr. Luis Antonio Vega Toledo y la Sra. Mayra Angélica Díaz Torres fue radicada una demanda, sobre ejecución de hipoteca, ante la Sala Superior de Bayamón del Tribunal de Primera Instancia el 13 de febrero de 1995, siendo emplazados los referidos demandados al otro día, esto es, el 14 de febrero de 1995.

Inmediatamente luego de ser emplazados, el matrimonio Vega-Díaz contrató los servicios profesionales del Lcdo. Jorge Gordon Menéndez, recibiendo dicho abogado de los demandados la suma de dos mil quinientos dólares

($2,500) por concepto de honorarios de abogado. El licenciado Gordon Menéndez *no* contestó la demanda en el término que para ello proveen las Reglas de Procedimiento Civil. Radicada por la parte demandante la correspondiente solicitud de anotación de rebeldía, el licenciado Gordon Menéndez *no* se opuso a la misma. El tribunal de instancia ordenó la anotación de rebeldía con fecha de 6 de junio de 1995. El licenciado Gordon Menéndez compareció, por primera vez, en defensa de los intereses de sus clientes el 20 de junio de 1995; ello en solicitud de que se dejara sin efecto la mencionada anotación de rebeldía. El tribunal de instancia, luego de declarar sin lugar la solicitud del abogado, dictó sentencia en rebeldía contra los clientes del licenciado Gordon Menéndez el 14 de julio de 1995.[1]

En vista a estos hechos, los esposos Vega-Díaz se quejaron ante este Tribunal de la conducta observada por el licenciado Gordon Menéndez. Referimos la queja presentada a la Oficina del Procurador General de Puerto Rico para la correspondiente investigación e informe.[2] El referido funcionario, mediante escrito de 20 de abril de 1999, nos informó, en lo pertinente, que de la investigación preliminar que realizara se desprendía una posible infracción a las disposiciones del Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, de parte del licenciado Gordon Menéndez; *informándonos, además, que no habían podido finalizar dicha investigación en vista del hecho de que el abogado había hecho caso omiso de sus requerimientos.*

A la luz de dicha información, le concedimos término al licenciado Gordon Menéndez para que compareciera y expusiera su posición al respecto; resolución que le fue noti-

---

[1] Dicha sentencia fue objeto de un recurso de apelación ante el Tribunal de Circuito de Apelaciones, el cual confirmó la misma mediante sentencia de fecha 31 de julio de 1997.

[2] Resulta procedente señalar que referimos el asunto a la Oficina del Procurador General de Puerto Rico en vista del hecho de que el licenciado Gordon Menéndez hizo caso omiso de dos (2) oportunidades que le fueron concedidas por el Tribunal para expresarse respecto a la queja presentada.

ficada personalmente al abogado por la Oficina del Alguacil de este Tribunal. En esta ocasión, compareció el licenciado Gordon Menéndez representado por abogado, en solicitud de término para comparecer ante la Oficina del Procurador General de Puerto Rico.

El Procurador General presentó su informe con fecha de 17 de agosto de 1999. En el mismo nos informa que, en su opinión, el licenciado Gordon Menéndez violó las disposiciones del mencionado Canon 18 al representar, en forma negligente, a sus clientes en el asunto que les fuera encomendado por éstos. Le concedimos término al abogado para que expusiera su posición sobre el mencionado informe.

En su comparecencia, el licenciado Gordon Menéndez acepta haber sido negligente en la tramitación del caso que le fuera encomendado por el matrimonio Vega-Díaz; expresa que, como consecuencia de ello, se "somete con humildad a la sabia caridad y justicia de este Honorable Tribunal"; y, por último, informó estar en disposición de devolverle al matrimonio Vega-Díaz la suma de dos mil quinientos dólares ($2,500) que les cobró por concepto de honorarios de abogado, *lo cual ha hecho.*

I

El Canon 26 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, establece, en lo pertinente, que "[n]ingún abogado está obligado a representar a determinado cliente y es su derecho a aceptar o rechazar una representación profesional". Ahora bien, una vez un abogado decide aceptar representar y defender los intereses de un cliente en particular, el abogado debe, y tiene, que mantener bien presente y claro lo dispuesto por el Canon 18 del Código de Ética Profesional, ante, a los efectos de que:

> Será impropio de un abogado asumir un representación profesional cuando está consciente de que no puede rendir una

labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando de aquella forma que la profesión jurídica en general estima adecuada y responsable.

En el presente caso *no* está en controversia el hecho de que el abogado querellado fue extremadamente negligente en el descargo de sus responsabilidades profesionales. El hecho de que éste haya devuelto los honorarios que les cobrara a sus clientes, aun cuando ciertamente un atenuante, *no* lo exime de la infracción ética en que incurrió. Por otro lado, el licenciado Gordon Menéndez actuó en forma displicente en la tramitación de la queja contra él presentada, haciendo caso omiso no sólo de los requerimientos de este Tribunal sino que de los de la Oficina del Procurador General de Puerto Rico. *In re Melecio Morales*, 144 D.P.R. 824 (1998).

En vista a ello, somos de la opinión que resulta adecuado y procedente decretar la suspensión de la práctica de la profesión de abogado del Lcdo. Jorge Gordon Menéndez por un término de sesenta (60) días, contado el mismo a partir de la fecha en que la presente opinión *per curiam*, y sentencia, advenga final y firme.[3]

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton no intervino.

---

[3] El abogado Gordon Menéndez no está autorizado a ejercer la notaría en Puerto Rico.