*In re* HÉCTOR L. ORTIZ HERNÁNDEZ, querellado.

*Número:* AB-2000-139  *Resuelto:* 23 de octubre de 2001

*Carmen H. Carlos*, Directora de la Oficina de Inspección de Notarías, en informe.

PER CURIAM: Una vez más nos enfrentamos a un caso de

un letrado que reiteradamente incumple con las órdenes directas de este Tribunal.

I

El 22 de septiembre de 2000, la Sra. Esther Águila Galán (en adelante Sra. Águila o quejosa) presentó una queja juramentada contra el Lcdo. Héctor L. Ortiz Hernández (en adelante licenciado Ortiz o querellado). En la queja alegó que otorgó la Escritura de Compraventa Núm. 11 de 30 de mayo de 1997 ante el licenciado Ortiz, mediante la cual adquirió una propiedad inmueble, y que éste nunca presentó la escritura para su inscripción en el Registro de la Propiedad (en adelante Registro). Tampoco presentó al Registro copia de la Escritura Núm. 10, otorgada también por la quejosa ante el querellado. Relató la señora Águila que llevaba alrededor de cuatro (4) meses intentando comunicarse con el notario querellado para que éste le entregara copia de las escrituras para presentarlas al Registro. Señaló la quejosa que el querellado no contestaba sus cartas, se escondía de ella y que cuando lo llamaba por teléfono, éste aparentemente se hacía pasar por otra persona.

De acuerdo con las disposiciones de la Regla 14 del Reglamento de Tribunal Supremo, 4 L.P.R.A. Ap. XXI, la Secretaria de este Tribunal, Lcda. Isabel Llompart Zeno, le envió una carta el 30 de octubre de 2000 al licenciado Ortiz para que éste se expresara, dentro del término de diez (10) días, respecto a la queja presentada por la señora Águila. El notario querellado no contestó a este requerimiento del Tribunal. Así, pues, el expediente fue referido el 27 de diciembre de 2000 a la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, para la investigación e informe correspondientes.

Mientras tanto, el 24 de noviembre de 2000, la señora Águila se comunicó mediante carta con la Secretaria del Tribunal y le indicó que el 22 de noviembre de 2000 el

licenciado Ortiz le hizo entrega de las copias certificadas de las escrituras que ella interesaba, y que las mismas serían presentadas al Registro. La señora Águila también le informó a la Oficina de Inspección de Notarías que ya había recibido copia certificada de las escrituras.

El 10 de abril de 2001, la Oficina de Inspección de Notarías rindió su informe. Concluyó que el querellado incurrió en conducta reñida con la ética profesional al no contestar los requerimientos del Tribunal ni las múltiples diligencias de la señora Águila, previas a la presentación de su queja ante este Foro.

Mediante Resolución de 8 de mayo de 2001, notificada al día siguiente, ordenamos al licenciado Ortiz que en el término de veinte (20) días se expresara sobre el informe presentado por la Oficina de Inspección de Notarías. Dicho término transcurrió sin que el querellado compareciera ante nos. El 22 de junio de 2001, emitimos un segunda resolución en la cual le concedimos al querellado un término adicional de diez (10) días para cumplir con nuestra Resolución de 8 de mayo de 2000. Esta última resolución fue notificada el 26 de junio de 2001. El término concedido al licenciado Ortiz ha transcurrido sin que éste haya comparecido ante nos.

## II

Reiteradamente hemos expresado que "los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal". *In re Cuevas Velázquez*, 151 D.P.R. 593, 604 (2000). Véanse: *In re Agrait Defilló*, 151 D.P.R. 894 (2000); *In re Manzano Velázquez*, 144 D.P.R. 84, 89 (1997); *In re Arana Arana*, 112 D.P.R. 838, 844 (1982). Esta obligación es independiente de los méritos de la queja presentada contra el abogado. *In re Melecio Morales*, 144 D.P.R. 824 (1998). La indiferencia de un abogado en responder a las órdenes del Tribunal Su-

premo en el trámite de quejas acarrea sanciones disciplinarias. *In re Manzano Velázquez*, supra; *In re Pérez Santiago*, 141 D.P.R. 112, 113 (1996).

El licenciado Ortiz incumplió con estas normas al no comparecer ante este Foro cuando se lo requirió la Secretaria del Tribunal Supremo mediante Carta de 30 de octubre de 2000. Incumplió nuevamente con su deber al no comparecer ante nos, según se lo ordenáramos mediante la Resolución de 8 de mayo de 2001. Por último, hizo caso omiso de nuestra Resolución de 22 de junio de 2001, en la cual se le requirió nuevamente su comparecencia ante nos. Así, pues, el querellado incurrió en un incumplimiento reiterado con las órdenes de este Tribunal en claro y abierto desafío a nuestra autoridad. Esta acción, o más bien, la inacción del licenciado Ortiz ante nuestros requerimientos amerita la imposición de sanciones.[1]

■ Aun cuando del expediente surge que el licenciado Ortiz eventualmente le entregó las copias certificadas de las escrituras a la señora Águila, este hecho no exime al notario querellado de responsabilidad. Como ya señaláramos, el deber del abogado es responder diligentemente, no importa los méritos de la queja presentada en su contra. *In re Melecio Morales*, supra, pág. 826. Nuevamente tenemos que hacer hincapié en que no toleraremos la incomprensible y obstinada negativa de un miembro de la clase togada a cumplir con las órdenes de este Tribunal. *In re Nicot*

---

[1] Debemos señalar que la señora Águila alegó en su queja que una vez el licenciado Ortiz se enteró de sus intenciones de acudir ante nos, la llamó haciéndose pasar por otra persona, y le indicó que le dejara una copia de las escrituras "y que no venga al tribunal porque lo más que ellos pueden hacer es obligarlo a entregar la[s] copia[s] y que no lo pueden desaforar". Aunque sólo contamos con la alegación de la señora Águila en cuanto a este extremo, tenemos que destacar que este tipo de expresiones por parte de cualquier letrado no tienen justificación ni cabida en el ejercicio de la profesión legal. En primer lugar, ningún abogado debe inducir a error a sus clientes cuando éstos buscan vindicar ante este Foro derechos lesionados por la mala práctica profesional de su abogado. Además, ningún abogado puede abrogarse la autoridad de adelantar juicios sobre el alcance de las medidas disciplinarias que este Foro está autorizado a imponer a cualquier miembro de la clase togada que incurra en mala práctica de la profesión o en violaciones a los Cánones de Ética Profesional.

*Santana*, 129 D.P.R. 717, 718 (1992); *In re Cuevas Veláz-
quez*, supra.

En consecuencia, *se decreta la suspensión provisional de
Héctor L. Ortiz Hernández del ejercicio de la abogacía y la
notaría hasta que otra cosa disponga este Tribunal. Le im-
ponemos el deber de notificar a todos sus clientes de su
presente inhabilidad para seguir representándolos, que les
devuelva cualesquiera honorarios recibidos por trabajos no
realizados, e informe oportunamente de su suspensión a los
distintos foros judiciales y administrativos del país. De-
berá, además, certificarnos dentro del término de treinta
(30) días a partir de la notificación de este Per Curiam y
sentencia el cumplimiento de estos deberes. El Alguacil del
Tribunal Supremo procederá a incautarse de su obra y sello
notarial, debiendo entregar los mismos a la Oficina de Ins-
pección de Notarías para el correspondiente examen e in-
forme a este Tribunal.*

Se dictará sentencia de conformidad.