AB-2000-139                                                              1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Héctor L. Ortiz Hernández | Queja<br><br>2002 TSPR 4<br><br>155 DPR _____ |

Número del Caso: AB-2000-139

Fecha: 23/octubre/2001

Oficina de Inspección de Notarías:
                          Lcda. Carmen H. Carlos
                          Directora

Abogado de la Parte Querellada:
                          Por Derecho Propio

Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 10 de enero de 2002, fecha
        en que se le notificó al abogado el Per Curiam y Sentencia)

    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correcciones del proceso
    de compilación y publicación oficial de las decisiones del
    Tribunal. Su distribución electrónica se hace como un servicio
    público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

   Héctor L. Ortiz Hernández

AB-2000-139

PER CURIAM

San Juan, Puerto Rico a 23 de octubre de 2001

Una vez más nos enfrentamos a un caso de un letrado que reiteradamente incumple las órdenes directas de este Tribunal.

I

El 22 de septiembre de 2000, la Sra. Esther Águila Galán (en adelante Sra. Águila o quejosa) presentó una queja juramentada contra el Lcdo. Héctor L. Ortiz Hernández (en adelante Lcdo. Ortiz o querellado). En la queja alegó que otorgó la Escritura de Compraventa Núm. 11 de 30 de mayo de 1997 ante el Lcdo. Ortiz, mediante la cual

adquirió una propiedad inmueble, y que éste nunca presentó la escritura para su inscripción en el Registro de la Propiedad (en adelante Registro). Tampoco presentó al Registro copia de la Escritura Núm. 10, otorgada también por la quejosa ante el querellado. Relató la Sra. Águila que llevaba alrededor de cuatro (4) meses intentando comunicarse con el notario querellado para que éste le entregase copia de las escrituras para presentarlas al Registro. Señaló la quejosa que el querellado no contestaba sus cartas, se escondía de ella y que cuando lo llamaba por teléfono, éste aparentemente se hacía pasar por otra persona.

De acuerdo con las disposiciones de la Regla 14 del Reglamento de Tribunal Supremo, 4 L.P.R.A. Ap. XXI, la Secretaria de este Tribunal, Lcda. Isabel Llompart Zeno, le envió carta de 30 de octubre de 2000 al Lcdo. Ortiz para que éste se expresara, dentro del término de diez (10) días, respecto a la queja presentada por la Sra. Águila. El notario querellado no contestó a este requerimiento del Tribunal. Así pues, el expediente fue referido el 27 de diciembre de 2000 a la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías para la investigación e informe correspondiente.

Mientras tanto, el 24 de noviembre de 2000, la Sra. Águila se comunicó mediante carta con la Secretaria del Tribunal, indicándole que el día 22 de noviembre de 2000 el Lcdo. Ortiz le hizo entrega de las copias certificadas de las escrituras que ella interesaba, y que las mismas serían presentadas al Registro. La Sra. Águila también le informó a la Oficina de Inspección de Notarías que ya había recibido copia certificada de las escrituras.

El 10 de abril de 2001, la Oficina de Inspección de Notarías rindió su informe. Concluyó que el querellado incurrió en conducta reñida con la ética profesional al no contestar ni los requerimientos del Tribunal, ni las múltiples diligencias de la Sra. Águila previas a la presentación de su queja ante este Foro.

Mediante resolución de 8 de mayo de 2001, notificada al día siguiente, ordenamos al Lcdo. Ortiz que en el término de veinte (20) días se expresara sobre el informe presentado por la Oficina. Dicho término transcurrió sin

que el querellado compareciera ante nos. El 22 de junio de 2001, emitimos un segunda resolución concediéndole al querellado un término adicional de diez (10) días para cumplir con nuestra resolución del 8 de mayo de 2000. Esta última resolución fue notificada el 26 de junio de 2001. El término concedido al Lcdo. Ortiz ha transcurrido sin que éste haya comparecido ante nos.

II

Reiteradamente hemos expresado que "los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal." In re: Cuevas Velázquez, PC de 29 de junio de 2000, 151 D.P.R. (2000), 2000 T.S.P.R. 124, 2000 JTS 136; In re: Agrait Defilló, PC de 7 de agosto de 2000, 151 D.P.R. __ (2000), 2000 T.S.P.R. 162, 2000 JTS 174; In re: Manzano Velázquez, 144 D.P.R. 84, 89 (1997); In re: Arana Arana, 112 D.P.R. 838, 844 (1982). Esta obligación es independiente de los méritos de la queja presentada contra el abogado. In re: Melecio Morales, 144 D.P.R. 824 (1998). La indiferencia de un abogado en responder a las órdenes del Tribunal Supremo en el trámite de quejas acarrea sanciones disciplinarias. In re: Manzano Velázquez, supra; In re: Pérez Santiago, 141 D.P.R. 112, 113 (1996).

El Lcdo. Ortiz incumplió con estas normas al no comparecer ante este Foro cuando se lo requirió la Secretaria del Tribunal Supremo mediante carta de 30 de octubre de 2000. Incumplió nuevamente con su deber al no comparecer ante nos según se lo ordenáramos mediante la resolución de 8 de mayo de 2001. Por último, hizo caso omiso de nuestra resolución de 22 de junio de 2001 en la cual se le requirió nuevamente su comparecencia ante nos. Así pues, el querellado incurrió en un incumplimiento reiterado con las órdenes de este Tribunal, en claro y abierto desafío a nuestra autoridad. Esta acción, o más bien, la inacción del Lcdo. Ortiz ante nuestros requerimientos amerita la imposición de sanciones.[1]

---

[1] Debemos señalar que la Sra. Águila alegó en su queja que una vez el Lcdo. Ortiz se enteró de sus intenciones de acudir ante nos, la llamó haciéndose pasar por otra persona, y le indicó que le dejara una copia de

Aun cuando del expediente surge que el Lcdo. Ortiz eventualmente le entregó las copias certificadas de las escrituras a la Sra. Águila, este hecho no exime al notario querellado de responsabilidad. Como ya señaláramos, el deber del abogado es responder diligentemente, no importa los méritos de la queja presentada en su contra. In re: Melecio Morales, supra, pág. 826. Nuevamente tenemos que hacer hincapié en que no toleraremos la incomprensible y obstinada negativa de un miembro de la clase togada a cumplir con las órdenes de este Tribunal. In re: Nicot Santana, 129 D.P.R. 717, 718 (1992); In re: Cuevas Segarra, supra.

En consecuencia, se decreta la suspensión provisional de Héctor L. Ortiz Hernández del ejercicio de la abogacía y la notaría hasta que otra cosa disponga este Tribunal. Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá además certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Per Curiam y sentencia el cumplimiento de estos deberes.

El Alguacil del Tribunal Supremo procederá a incautarse de su obra y sello notarial, debiendo entregar los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

---

las escrituras "y que no venga al tribunal porque lo más que ellos pueden hacer es obligarlo a entregar la[s] copia[s] y que no lo pueden desaforar." Aunque sólo contamos con la alegación de la Sra. Águila en cuanto a este extremo, tenemos que destacar que este tipo de expresiones por parte de cualquier letrado no tienen justificación ni cabida en el ejercicio de la profesión legal. En primer lugar, ningún abogado debe inducir a error a sus clientes cuando éstos buscan vindicar ante este Foro derechos lesionados por la mala práctica profesional de su abogado. Además, ningún abogado puede abrogarse la autoridad de adelantar juicios sobre el alcance de las medidas disciplinarias que este Foro está autorizado a imponer a cualquier miembro de la clase togada que incurra en mala práctica de la profesión o en violaciones a los Cánones de Ética Profesional.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor L. Ortiz Hernández          AB-2000-139

SENTENCIA

San Juan, Puerto Rico, a 23 de octubre de 2001

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se decreta la suspensión provisional de Héctor L. Ortiz Hernández del ejercicio de la abogacía y la notaría hasta que otra cosa disponga este Tribunal. Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá además, certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Per Curiam y sentencia el cumplimiento de estos deberes.

El Alguacil del Tribunal Supremo procederá a incautarse de su obra y sello notarial, debiendo entregar los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo