EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Lourdes Teresa Pagán González | Queja <br><br> 2004 TSPR 103 <br><br> 161 DPR _____ |

Número del Caso: AB-2002-348

Fecha: 30 de enero de 2004

Abogado de la Parte Querellada:

Lcdo. José L. Ramírez de León

Materia: Conducta Profesional
    (La suspensión de la abogada advino final y firme el
    día 21 de mayo de 2004.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lourdes Teresa Pagán                AB-2002-348
González

PER CURIAM

San Juan, Puerto Rico, a 30 de enero de 2004.

Una vez más nos corresponde pasar juicio sobre la conducta de una letrada que hace caso omiso a las órdenes de este Tribunal.

I

El pasado 17 de diciembre de 2002, el entonces Tribunal de Circuito de Apelaciones nos refirió una resolución en el caso KLCE 021135, *Industrial Fittings v. Ivette Aguilar.* En dicha resolución se hizo constar que el 6 de noviembre de 2002 dicho foro le concedió un término de cinco (5) días a la Lic.                    Lourdes                    Teresa

Pagán González, abogada de la co-demandada Ivette Aguilar Pérez, para acreditar tanto su dirección física como postal y sus teléfonos. Ello, en vista de las alegaciones de los demandantes en el referido caso en cuanto a la dificultad para notificarle sus escritos a la licenciada Pagán González.

El Tribunal Apelativo le ordenó además a la licenciada Pagán González mostrar causa por la cual no debía referirse dicho asunto ante este foro, "siendo evidente que por lo menos en los dos recursos ante la consideración de este Panel, ésta aparece con dos direcciones distintas".[1] La licenciada de epígrafe no cumplió con dicha orden.[2]

En vista de la resolución del 17 de diciembre de 2002 del entonces Tribunal de Circuito de Apelaciones y de la conducta desplegada por la licenciada de epígrafe, el 28 de marzo de 2003 este foro emitió una Resolución mediante la cual se le concedió a la licenciada Pagán González un término de veinte (20) días para que expusiera su posición en torno a la conducta señalada. En la referida orden se le apercibió que su incumplimiento con la misma conllevaría su suspensión automática e inmediata de la abogacía. Dicho término transcurrió sin que la licenciada Pagán González compareciera ante nos.

_____

[1] Véase, KLAN 0200447.
[2] Cabe señalar que en otro caso ante dicho panel del foro apelativo, la licenciada Pagán compareció y pagó la sanción económica impuesta, mas no excusó ni justificó su conducta ante hechos similares a los del presente recurso.

II

Reiteradamente hemos expresado que "los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal". In re Cuevas Velázquez, res. el 29 de junio de 2000, 2000 T.S.P.R. 124, In re Agrait Defilló, res. el 7 de agosto de 2000, 2000 T.S.P.R. 162; In re Manzano Velázquez, 144 D.P.R. 84, 89 (1997). Esta obligación es independiente de los méritos de la queja presentada contra un abogado o de la conducta imputada contra éste. In re Melecio Morales, 144 D.P.R. 824 (1998). La indiferencia de los abogados en responder a las órdenes de un tribunal y la actitud desafiante de hacer caso omiso a los requerimientos de un foro judicial conllevan la imposición de sanciones disciplinarias severas. In re Laborde Freyre, 144 D.P.R. 827 (1998); In re Melecio Morales, supra.

En vista de que la licenciada Pagán González hizo caso omiso a los requerimientos del Tribunal Apelativo y ha desplegado una conducta displicente ante nuestras órdenes, se decreta su suspensión provisional del ejercicio de la abogacía hasta que otra cosa disponga este Tribunal.

Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe

oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá además certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Per Curiam y Sentencia el cumplimiento de estos deberes.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lourdes Teresa Pagán                    AB-2002-348
González

SENTENCIA

San Juan, Puerto Rico, a 30 de enero de 2004.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia y se suspende provisionalmente a la Lic. Lourdes Teresa Pagán González del ejercicio de la abogacía, hasta que otra cosa disponga este Tribunal.

La licenciada Pagán González tiene el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá además certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Per Curiam y Sentencia el cumplimiento de estos deberes.

Notifíquese personalmente.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Rivera Pérez no intervienen.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo