EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2006 TSPR 60 |
| | 167 DPR ____ |
| José R. Torres Zayas | |

Número del Caso: AB-2003-278

Fecha: 27 de marzo de 2006

 Abogado de la Parte Peticionaria:

Por Derecho Propio

Materia: Conducta Profesional
         (La suspensión será efectiva el 11 de abril de 2006 fecha
         en que se le notificó al abogado de su suspensión
         inmediata)

Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de
compilación y publicación oficial de las decisiones del Tribunal. Su
distribución electrónica se hace como un servicio público a la
comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José R. Torres Zayas

AB-2003-278   Queja

PER CURIAM

En San Juan, Puerto Rico, a 27 de marzo de 2006.

El 24 de diciembre de 2003, el Sr. José Luis Mendoza Santiago presentó queja ante este Tribunal contra el Lcdo. José R. Torres Zayas. Alegó haber contratado al licenciado Torres Zayas con el propósito de obtener asesoramiento legal sobre una acción por despido injustificado. El señor Mendoza Santiago le entregó al licenciado Torres Zayas documentos pertinentes al caso y un cheque de tres mil dólares ($3,000.00) como adelanto de honorarios de abogado. Según el señor Mendoza Santiago, el cheque fue cobrado el 14 de abril de 2003 y, a pesar de sus reiterados intentos por comunicarse con el licenciado Torres Zayas, éste nunca se volvió a comunicar con él.

A raíz de la queja presentada, la Secretaria de este Tribunal envió carta fechada 24 de febrero de 2004 al licenciado Torres Zayas. La carta fue devuelta por el correo. El 4 de marzo de 2004 se notificó personalmente al licenciado Torres Zayas sobre la queja presentada y se le concedió término de diez (10) días para que la contestara. Ante el incumplimiento del licenciado Torres Zayas, el 8 de julio de 2005 dictamos resolución concediéndole término adicional de diez (10) días para que contestara la queja presentada. Además, lo apercibimos de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Dicha resolución fue notificada personalmente al licenciado Torres Zayas.

El 1 de agosto de 2005, el licenciado Torres Zayas solicitó término adicional de veinte (20) días para cumplir con lo ordenado por este Tribunal. El 23 de agosto de 2005 dictamos resolución concediendo el término adicional solicitado. En clara violación a nuestras órdenes, el licenciado Torres Zayas aún no ha comparecido ante este Tribunal.


II.


Reiteradamente hemos resuelto que los abogados tienen el ineludible deber de responder diligentemente a los requerimientos de este Tribunal. El incumplimiento con nuestras órdenes en el trámite de una queja constituye una falta ética separada e independiente de los méritos de

ésta. In re Marrero Luna, res. el 20 de diciembre de 2005, 166 D.P.R. __ (2005), 2006 T.S.P.R. 9.

El Canon 12 del Código de Ética Profesional exige desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de las causas. 4 L.P.R.A. Ap. IX, C. 12. Además, el Canon 9 requiere que todo abogado observe "para con los tribunales una conducta que se caracterice por el mayor respeto". 4 L.P.R.A. Ap. IX, C. 9.

Hemos señalado que "[e]l compromiso de mantener y contribuir a un orden jurídico íntegro y eficaz, para lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas sino a la jurisdicción disciplinaria de este foro". In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997). Continuamente hemos sido enérgicos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. La indeferencia de un abogado en responder a las órdenes de este Tribunal en la esfera disciplinaria acarrea severas sanciones. In re Sepúlveda Negroni, 144 D.P.R. 824 (1998).

El Lcdo. José R. Torres Zayas fue notificado personalmente que se había presentado una queja en su contra y le fue requerida una contestación. A pesar de incumplir con lo solicitado le concedimos término adicional para contestar mediante resolución del 8 de julio de 2005 y lo apercibimos de las consecuencias de incumplir nuestra orden. Posteriormente le concedimos prórroga según solicitada y aún así continuó ignorando nuestros requerimientos.

El incumplimiento del licenciado Torres Zayas con las órdenes de este Tribunal demuestra una actitud de dejadez y falta de diligencia que no tienen cabida en esta profesión. La indiferencia ante nuestro apercibimiento de imponerle severas sanciones evidencia que no le interesa continuar ejerciendo la profesión.

Por los fundamentos antes expuestos, decretamos la suspensión indefinida del Lcdo. José R. Torres Zayas del ejercicio de la abogacía y la notaría.

Le imponemos al Lcdo. José R. Torres Zayas el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos dentro del término de treinta (30) días, a partir de la notificación de la presente, el cumplimiento de estos deberes.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial de José R. Torres Zayas y entregar los mismos a la Oficina de Inspección de Notarías para que lleve a cabo el examen e informe correspondiente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José R. Torres Zayas                AB-2003-278   Queja


SENTENCIA


En San Juan, Puerto Rico, a 27 de marzo de 2006.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integra de la presente, se decreta la suspensión indefinida e inmediata de José R. Torres Zayas del ejercicio de la abogacía y notaría en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos dentro del término de treinta (30) días, a partir de la notificación de la presente, el cumplimiento de estos deberes.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial de José R. Torres Zayas y entregar los mismos a la Oficina de Inspección de Notarías para que lleve a cabo el examen e informe correspondiente.

Publíquese.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del  Tribunal Supremo