EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Héctor L. Ortiz Hernández | 2008 TSPR 141 <br><br> 175 DPR \_\_\_\_ |

Número del Caso: AB-2006-205

Fecha: 12 de junio de 2008

Oficina del Procurador General:

Lcda. Noemí Rivera De León
Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor L. Ortiz Hernández          AB-2006-205

PER CURIAM

San Juan, Puerto Rico, a 12 de junio de 2008.

El pasado 11 de octubre de 2007 emitimos una Resolución mediante la cual le concedimos un término de quince (15) días al Lcdo. Héctor L. Ortiz Hernández para comparecer ante la Oficina del Procurador General y responder a sus requerimientos sobre una investigación encomendada por este Tribunal acerca de su conducta profesional. De igual forma, le ordenamos comparecer ante nos para que acreditara su cumplimiento con dicho dictamen y le apercibimos de que lo contrario podría conllevar la imposición de severas sanciones disciplinarias, incluida su suspensión automática de la abogacía.

En vista de que el licenciado Ortiz Hernández no ha comparecido ante el Procurador General ni ante este Tribunal, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

I.

El licenciado Ortiz Hernández fue contratado para presentar una demanda sobre daños y perjuicios, a raíz de un incidente de agresión contra un menor de edad. Tras varios trámites procesales, el Tribunal de Primera Instancia, Sala Superior de Mayagüez, citó a una vista sobre autorización judicial, ya que las partes afirmaron haber llegado a un acuerdo transaccional. La celebración de la referida vista era necesaria, pues una de las partes era menor de edad.

La vista de autorización judicial fue citada finalmente para el 30 de junio de 2006. Durante el transcurso de la misma, trascendió el hecho de que se habían emitido cheques en virtud del "acuerdo" que aún no tenía la aprobación del tribunal. Luego de señalar que tales desembolsos eran nulos por haber un menor envuelto y por carecer de la autorización de rigor, el tribunal de instancia remitió ante nuestra consideración copia de una Minuta-Resolución y Orden dictada en el caso, así como del expediente judicial, a fin de que pudiésemos evaluar la conducta profesional del licenciado Ortiz Hernández.

A esos efectos, el 2 de febrero de 2007 le ordenamos al Procurador General iniciar la investigación correspondiente y presentar su informe con relación a lo acontecido en el caso civil antes reseñado. No obstante, a pesar de habérsele

notificado al licenciado Ortiz Hernández en varias ocasiones sobre el asunto de referencia, éste nunca compareció ante la Oficina del Procurador General. Por tal razón, el Procurador nos comunicó que no podría presentar su informe sobre la situación de marras ya que no contaba con la versión del licenciado Ortiz Hernández.

En atención a la solicitud del Procurador General, emitimos la Resolución mencionada al comienzo de esta Opinión. Pese a ello, el 14 de marzo de 2008, el Procurador General compareció ante nos y señaló que el licenciado Ortiz Hernández aún no había respondido a sus requerimientos en torno a la investigación disciplinaria de referencia. Del expediente de autos se desprende que, **al día de hoy**, éste tampoco ha atendido nuestros requerimientos al respecto.

## II.

Reiteradamente hemos resuelto que todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, en particular cuando están relacionados con procedimientos sobre su conducta profesional. Así, pues, hemos señalado que procede la suspensión automática del ejercicio de la abogacía cuando un abogado no atiende con premura nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Lloréns Sar, res. 5 de febrero de 2007, 2007 T.S.P.R. 31; In re Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 T.S.P.R. 191; In re Vega Lassalle, res. 20 de abril de 2005, 2005 T.S.P.R.

66; In re Quintero Alfaro, res. 9 de febrero de 2004, 2004 T.S.P.R. 20.

A pesar de ello, constantemente nos enfrentamos a cantidad de letrados que hacen caso omiso a nuestras órdenes y apercibimientos. Al parecer, olvidan que su "actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merecen su suspensión indefinida". Véase In re Pagán Ayala, 130 D.P.R. 678, 683 (1992). En este sentido, como demuestra el citado precedente, la obligación de atender los requerimientos relacionados a un procedimiento disciplinario contra un abogado no se limita a aquellos formulados por este Tribunal. Ésta se extiende también a los requerimientos formulados por el Procurador General, la Comisión de Ética del Colegio de Abogados y la Oficina de Inspección de Notarías. Véanse, e.g., In re Grau Díaz, 154 D.P.R. 70 (2001); In re Arroyo Rivera, 148 D.P.R. 354 (1999).

III.

En esta ocasión, nos enfrentamos al caso de un abogado que no ha atendido los requerimientos de este Tribunal ni del Procurador General en torno a la evaluación de su conducta profesional. En primer lugar, el licenciado Ortiz Hernández no ha comparecido ante el Procurador General para contestar sus requerimientos, lo que ha tenido el resultado de impedir que el Procurador cumpla con nuestra encomienda de investigar su proceder en el caso civil antes reseñado. Además, requerido por este Tribunal para que acreditara su cumplimiento con su obligación de comparecer ante el

Procurador General, el licenciado Ortiz Hernández también ha ignorado nuestras órdenes a esos efectos.

Por último, el pasado 24 de enero de 2008, el tribunal de instancia nos remitió copia de una Minuta sobre una vista para mostrar causa señalada para el día diecisiete de ese mes. Tomamos conocimiento judicial de que dicha vista fue motivada por una orden emitida contra el licenciado Ortiz Hernández tras éste no comparecer a varios señalamientos ni atender órdenes previas del tribunal acerca del referido caso. De esa minuta se desprende también que todas las gestiones para encontrar al licenciado Ortiz Hernández han sido infructuosas.

Sin lugar a dudas, de todo lo anterior surge claramente que el licenciado Ortiz Hernández ha desatendido sus obligaciones como abogado. Ello es indicativo de que ya no desea continuar en el ejercicio de la profesión legal. En vista de que no es la primera vez que tenemos que ejercer nuestra facultad disciplinaria en cuanto al licenciado Ortiz Hernández respecta,[1] procede que decretemos su suspensión inmediata e indefinida del ejercicio de la abogacía.

IV.

Por las razones antes expresadas, suspendemos al Lcdo. Héctor L. Ortiz Hernández inmediata e indefinidamente del ejercicio de la abogacía. Su conducta constituye un claro

---

[1] Anteriormente, el licenciado Ortiz Hernández fue suspendido de forma provisional mediante Opinión *Per Curiam* y Sentencia del 23 de octubre de 2001 por no atender los requerimientos de este Tribunal ni los de la Oficina de Inspección de Notarías. In re Ortiz Hernández, 155 D.P.R. 341 (2001).

menosprecio a la labor de los tribunales de justicia y, en particular, a la función disciplinaria de este Tribunal.

El licenciado Ortiz Hernández notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o foro administrativo en donde tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta días, que cumplió con lo antes señalado. El cumplimiento con estos deberes será notificado también al Procurador General. El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor L. Ortiz Hernández          AB-2006-205

SENTENCIA

San Juan, Puerto Rico, a 12 de junio de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Héctor L. Ortiz Hernández. Su conducta constituye un claro menosprecio a la labor de los tribunales de justicia y, en particular, a la función disciplinaria de este Tribunal.

El licenciado Ortiz Hernández notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o foro administrativo en donde tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta días, que cumplió con lo antes señalado. El cumplimiento con estos deberes será notificado también al Procurador General. El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe

para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Rebollo López no intervino.


                              Dimarie Alicea Lozada
                    Secretaria del Tribunal Supremo Interina