EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Queja |
| José H. Martí Fajardo | 2004 TSPR 60 |
| | 161 DPR _____ |

Número del Caso: AB-2002-293


Fecha: 12 de marzo de 2004


Oficina del Procurador General:

                        Lcda. Minnie H. Rodríguez López
                        Procuradora General Auxiliar


 Abogado del Querellado:
                        Por Derecho Propio



Materia: Conducta Profesional
        (La suspensión será efectiva el día 14 de abril de 2004
        fecha en que se le notificó al abogado de su suspensión
        inmediata.)




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José H. Martí Fajardo

AB-2002-293

PER CURIAM

San Juan, Puerto Rico, a 12 de marzo de 2004.

En el caso de autos nos corresponde pasar juicio sobre la conducta de otro letrado que ha hecho caso omiso a las órdenes de este Tribunal, y que mediante subterfugios legales ha obstaculizado y retrasado los procedimientos ante el Tribunal de Primera Instancia en un caso de pensión alimentaria.

I

A

El licenciado José Martí Fajardo fue admitido al ejercicio de la abogacía el 31 de mayo de 1977 y prestó juramento como notario el 13 de julio de ese mismo año.

El 14 de septiembre de 2002, la Sra. Irmalis Ramírez González presentó una queja por depravación moral contra el licenciado José H. Martí Fajardo ante este Tribunal. En esencia, la quejosa alegó que el licenciado Martí Fajardo ha utilizado el subterfugio de presentar peticiones de quiebras cada vez que tiene expedida una orden de arresto en su contra por falta de pago de pensión alimentaria. De dicha forma, según reclama la quejosa, el licenciado ha obstaculizado por años los procedimientos ante el Tribunal de Primera Instancia.

En vista de dichas alegaciones, le otorgamos término al abogado de epígrafe para que compareciera ante nos y reaccionara a las alegaciones vertidas por la quejosa. En cumplimiento con nuestra orden, el 23 de diciembre de 2002 el licenciado Martí Fajardo compareció ante nos y expuso que reconoce su obligación como padre de alimentar a su hijo menor de edad habido con la Sra. Irmalis Ramírez González. No obstante, éste menciona que es un abogado con una práctica humilde en el pueblo de Mayagüez. Menciona el licenciado Martí Fajardo que:

> Es correcto que en ocasiones nos hemos acogido a procedimientos de la Ley Federal de Quiebras. Cuando hemos recurrido a este drástico proceso, el cual nos afecta en nuestro desenvolvimiento económico, lo hemos hecho de buena fe y luego de pensar que es el único remedio que tenemos para atender nuestra crisis económica. Sería un contra sentido pensar que los que nos acogemos a dicho procedimiento, incurramos en actos de depravación moral.

> La solicitud de querella que promueve la señora Ramírez González está presentada única y exclusivamente para poner presión sobre este humilde abogado y lograr vía el poder regulador del Honorable Tribunal Supremo, lo que el Tribunal de Primera Instancia, tanto la Sala Superior de Mayagüez, como la Sala Superior de San Juan, han resuelto en su contra.
>
> En cada momento en que se ha promovido una solicitud de desacato en contra nuestra, le hemos explicado al tribunal por qué la misma no procede y cómo atenderse la situación, dada nuestra crisis económica. Siendo ello así, sería imposible que el ilustre Tribunal Supremo de Puerto Rico asuma jurisdicción en la solicitud de la señora Ramírez González. Después de todo, la controversia entre nosotros es una limitada a si la pensión alimentaria (sic) que se me ha impuesto está o no al día.

Vista la comparecencia del licenciado Martí Fajardo, le concedimos término al Procurador General de Puerto Rico (en adelante, el "Procurador") para que acudiera ante nos y presentara el correspondiente Informe. El 2 de mayo de 2003, el Procurador compareció ante nos y señaló que, aunque de ordinario los procedimientos de naturaleza ética no deben ser utilizados para atacar o revisar decisiones emitidas por el Tribunal de Primera Instancia, ni tampoco para presionar indebidamente al abogado de la parte contraria en un caso ante dicho foro, los hechos particulares de la queja en cuestión ameritan que nos apartemos de ese criterio. En síntesis, el Procurador señaló que la conducta desplegada por el abogado de epígrafe constituye una violación a los Cánones 12, 15, 35 y 38 de los de Ética Profesional, 4 L.P.R.A. Ap. IX C.12 et

als. De la investigación realizada por la Oficina del Procurador General y las comparecencias de las partes surge el siguiente trasfondo fáctico.

El 13 de marzo de 1997, se fijó una pensión alimentaria de $70.00 semanales en el caso Civil Nm. IAL-97-0017 sobre alimentos, Irmalis Ramírez González v. José H. Martí Fajardo.[1] En vista del reiterado incumplimiento por parte del licenciado de epígrafe con su responsabilidad de alimentar a su hijo, la madre del menor acudió ante el Tribunal de Primera Instancia para que se encontrara al licenciado incurso en desacato por el incumplimiento del pago de pensión alimentaria. En las ocasiones en que el Tribunal de Primera Instancia ha tomado acción, a petición de la madre del menor, a fin de compeler al licenciado Martí Fajardo a cumplir con su deber de pago de dicha pensión, éste ha presentado solicitudes de quiebra bajo el Capítulo 13 ante la Corte de Quiebras para el Distrito de Puerto Rico. Veamos.

El 24 de agosto de 2000 se emitió Orden de Mostrar Causa por la cual no se le debería encontrar incurso en desacato al licenciado Martí Fajardo por el incumplimiento del pago de pensión alimentaria. Se señaló el caso para vista el 12 de septiembre de 2000. El 11 de septiembre de 2000, el licenciado Martí Fajardo sometió petición de

---

[1] Posteriormente dicho caso se trasladó al Tribunal de Primera Instancia, Sala Superior de San Juan, con el número Civil KAL-2001-0347.

quiebra bajo el Capítulo 13, con el número de caso 2000-10550. Esta solicitud fue posteriormente desestimada.

El 17 de octubre de 2001 se emitió otra Orden de Mostrar Causa señalándose el caso para vista el 11 de diciembre de 2001. Ante la incomparecencia del licenciado Martí Fajardo se re-señaló el caso para el 23 de enero de 2002. El 27 de diciembre de 2001, el licenciado Martí Fajardo presentó una segunda solicitud de quiebra bajo el Capítulo 13, con el número 2002-14254. Esta solicitud también fue posteriormente desestimada.

El 16 de julio de 2002 se señaló otra vista de desacato a ser celebrada el 5 de agosto de 2002. Con fecha del 11 de septiembre de 2002 el licenciado Martí Fajardo presentó escrito por derecho propio mediante el cual expresó que había presentado una solicitud de quiebra bajo el Capítulo 13. Dicha moción de quiebras fue presentada el día 12 de septiembre de 2002 bajo el número 2002-09659. Esta tercera solicitud también fue desestimada.[2]

Se volvió a señalar el caso por falta de pago de pensión para el 9 de enero de 2003, y el 8 de enero de ese año el licenciado Martí Fajardo volvió a presentar otra solicitud de quiebra bajo el Capítulo 13 con el número 2003-00137.

---

[2] Está en entredicho si se desestimó a solicitud de la parte peticionaria o a instancias del propio Tribunal.

Cabe señalar que el 19 de mayo de 2003 le dimos un término de 20 días al licenciado Martí Fajardo para que se expresara sobre el Informe del Procurador General. Posteriormente, el 27 de octubre de 2003 le dimos un término adicional de 30 días al licenciado Martí Fajardo para que compareciera ante nos y mostrara causa por la cual no debía ser disciplinado. Se le apercibió que de no cumplir con dicha Resolución se exponía a ser disciplinado sin más citarlo ni oírlo. Dichos términos transcurrieron sin que el licenciado Martí Fajardo compareciera ante nos.

B

Por último, cabe señalar que el 4 de febrero de 2004 el Colegio de Abogados de Puerto Rico (en adelante, "el Colegio") compareció ante nos en otro asunto relacionado al mismo querellado. En esencia, el Colegio, por conducto del Oficial Investigador señor Ángel N. Candelario Cáliz nos informa que la Sra. Luz E. Rivera Rivera radicó una queja juramentada contra el licenciado Martí Fajardo el día 6 de junio de 2003. En la misma, la señora Rivera Rivera alegó que contrajo los servicio profesionales del licenciado Martí Fajardo para que la orientara y representara en una acción referente a un accidente automovilístico que ésta había tenido. El licenciado de epígrafe le orientó para que entablara una demanda y a tales efectos le solicitó todos los papales referentes a la querella de accidente. Por dichos servicios el licenciado Martí Fajardo le cobró

doscientos dólares ($200.00). No obstante, según señaló la señora Rivera Rivera, el abogado en cuestión no hizo el trabajo para el cual se comprometió y ahora rehúsa devolverle el dinero que ésta le pagó por servicios no rendidos. Todo ello luego de que éste se comprometiera a devolverle el dinero si el caso no se ventilaba en los tribunales.

El Oficial Investigador nos informa que en cuatro (4) ocasiones distintas se le requirió al licenciado Martí Fajardo que contestara la queja presentada en su contra, sin que éste haya comparecido ante dicha entidad.[3] El Oficial Investigador señala que no ha podido tramitar la querella, ni hacer recomendaciones a la Comisión de Ética del Colegio, ante la desatención por parte del licenciado de epígrafe sobre la investigación que contra él pende. Por último, señala que el licenciado Martí Fajardo no ha notificado al Colegio cambio de dirección alguno.

II

A

De entrada debemos precisar que en innumerables ocasiones hemos expresado que "los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal". In re Cuevas Velázquez, res. el 29 de junio de 2000, 2000 T.S.P.R. 124, In re Agrait Defilló, res. el 7 de agosto de 2000, 2000 T.S.P.R.

---

[3] En dos de las ocasiones la correspondencia del Colegio de Abogados fue devuelta "unclaimed".

162; In re Manzano Velázquez, 144 D.P.R. 84, 89 (1997). Esta obligación, según hemos señalado, es independiente de los méritos de la queja presentada contra un abogado o de la conducta imputada contra éste. In re Melecio Morales, 144 D.P.R. 824 (1998). La indiferencia de los abogados en responder a las órdenes de un tribunal y la actitud desafiante de hacer caso omiso a los requerimientos de un foro judicial conllevan la imposición de sanciones disciplinarias severas. In re Laborde Freyre, 144 D.P.R. 827 (1998); In re Melecio Morales, supra.

En el caso de autos, la conducta displicente que el licenciado de epígrafe ha desplegado ante nuestras órdenes y los requerimientos del Colegio de Abogados son suficientes para que decretemos su suspensión inmediata del ejercicio de la abogacía.

II

B

Por otro lado, según se puede observar del trámite descrito, el licenciado Martí Fajardo reiteradamente ha utilizado peticiones de quiebra ante las Cortes de Quiebras para el Distrito de Puerto Rico para obstaculizar y detener los procedimientos que se llevan ante el Tribunal de Primera Instancia sobre un asunto de tanto interés público como lo es los alimentos de menores. Ninguna de las peticiones presentadas el la Corte de Quiebras ha sido tramitada hasta sus últimas consecuencias lo que nos obliga

a concluir que la intención del letrado nunca ha sido acogerse legítimamente a los beneficios que provee la Ley de Quiebras y sí el evitar la acción rápida y segura del tribunal en atender el asunto de falta de pago de pensión alimentaria.

Los Cánones 12 y 15 de los de Ética Profesional, *supra*, establecen que no se deben causar dilaciones indebidas en los trámites y solución de los casos. Será impropio además que un abogado utilice los procedimientos legales de forma irrazonable o con el fin de hostigar a la parte contraria. Debemos tener siempre en mente que todo abogado es funcionario del tribunal y debe velar por que los procedimientos se lleven a cabo de forma correcta y sin dilaciones innecesarias que conllevan, en un gran número de instancias, que se socave el fin último de los tribunales de impartir justicia.

De igual forma, el Canon 35 de Ética Profesional, 4 L.P.R.A. Ap. IX C.35, requiere de todo abogado sinceridad y honradez en sus relaciones con los tribunales, las partes y sus compañeros. No es sincero ni honrado que un abogado promueva acciones para impedir que el foro de instancia actúe en asuntos bajo su jurisdicción, cuando esa parte nunca ha tenido genuino interés en las acciones promovidas a esos fines. La conducta descrita anteriormente constituye además una violación al Canon 38 de Ética Profesional, 4

L.P.R.A. Ap. IX C.38, al mancillar el honor y la dignidad de la profesión legal.

La actitud reiterada del licenciado Martí Fajardo de utilizar el derecho de forma acomodaticia y en detrimento de los intereses de su hijo manchan la profesión que él ejerce.

Reiteramos que, aunque de ordinario los procedimientos de naturaleza ética no deben ser utilizados para atacar o revisar decisiones emitidas por el Tribunal de Primera Instancia, los hechos particulares de la queja en cuestión ameritan que nos apartemos de ese criterio y dilucidemos la conducta desplegada por el licenciado de marras en el caso ante la consideración del Tribunal de Primera Instancia sobre pensión alimentaria.

Por todo lo antes dicho y, tomando en consideración los hechos particulares del caso de autos, resolvemos suspender al licenciado Martí Fajardo del ejercicio de la abogacía indefinidamente y hasta que otra cosa resuelva este Tribunal.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José H. Martí Fajardo

                                    AB-2002-293

SENTENCIA

San Juan, Puerto Rico, a 12 de marzo de 2004.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia y se suspende inmediatamente por un período indefinido al Lic. José H. Martí Fajardo del ejercicio de la abogacía, hasta que otra cosa disponga este Tribunal.

En atención a lo anterior, se ordena al querellado de epígrafe notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá además, certificar ante nos, dentro del término de treinta (30) días, su cumplimiento con estos deberes.

El Alguacil del Tribunal Supremo procederá a incautarse de su obra y sello notarial, debiendo entregar los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e Informe a este Tribunal.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no interviene.

                        Patricia Otón Olivieri
                     Secretaria del Tribunal Supremo